# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| TROY WISE,<br><br>           Plaintiff,<br><br>vs.<br><br>ANDREW SCHREIBER et al.,<br><br>           Defendants. | 3:15-cv-00462-RCJ-VPC<br><br>**ORDER** |

This case arises out of the seizure of allegedly stolen property. Pending before the Court is a motion to dismiss or for summary judgment.

## I.   FACTS AND PROCEDURAL HISTORY

On April 26 and May 22–23, 2013, officers of the Sparks Police Department ("SPD") raided the home of Plaintiff Troy Wise, seizing Plaintiff's personal property ("the Property"). (Compl. 3–4, ECF No. 5). Defendants auctioned off the Property on June 23, 2013 and on unspecified dates thereafter, returning none of it to Plaintiff. (*Id.* 4).

Plaintiff sued five detectives and a sergeant of the SPD, as well as the City of Sparks ("the City") under 42 U.S.C. § 1983 in this Court for violations of various rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. Upon screening under 28 U.S.C. § 1915, the Court permitted a claim for unlawful seizure under the Fourth Amendment to proceed against seven individual Defendants and a claim for denial of due

process to proceed against two of those individual Defendants. The Court dismissed the remaining claims and dismissed the City as a Defendant. Plaintiff did not amend. Defendants have moved to dismiss or for summary judgment.

## II.     DISCUSSION

Defendants first argue that the claims are barred by the statute of limitations. Because a statute of limitations is an affirmative defense, a court cannot dismiss based thereupon unless the defense appears on the face of the pleading to be dismissed. *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)). There is a two-year statute of limitations for § 1983 claims arising in Nevada. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing Nev. Rev. Stat. § 11.190(4)(e)).

The Complaint was filed on September 8, 2015. The Complaint affirmatively alleges that the alleged wrongful seizure occurred on April 26, 2013 and that the seized items were given or auctioned away on June 23, 2013 and on one or more unspecified dates thereafter. (Compl. 3). As to items allegedly given away or auctioned off on June 23, 2013, the statute of limitations therefore bars the actions based on the affirmative allegations in the Complaint. It is possible based on the Complaint, however, that some items were given away or auctioned off after September 8, 2013. If so, the statute of limitations will not have run as to those items where the cause of action accrues at the date of sale (the due process claim) as opposed to the date of seizure (the unlawful seizure claim). In summary, the Court can dismiss the unlawful seizure claim as to all of the Property and can dismiss the due process claim as to any Property given away or sold before September 8, 2013 under the statute of limitations.

1    Defendants may be entitled to summary judgment against the remainder of the due
2 process claim.  Defendants adduce evidence that all remaining Property seized from Plaintiff's
3 residence was returned to the owner, auctioned, destroyed, donated, or delivered to a third-party
4 auctioneer no later than July 29, 2013, except for a cot, some gloves, a siphon pump kit, two
5 televisions, a ladder, a pocket PC scanner, a sun shade, two monitors, a game camera, a heater, a
6 speaker, a skateboard, and various power tools and hand tools designated for "department use."
7 (*See* Alt Aff., ECF No. 9-1; Chain of Custody Sheet, ECF No. 9-1, at 6).  The Chain of Custody
8 Sheet itself tends to show that some of the Property remained in SPD custody for "department
9 use."  It is a fair inference that Property so designated remained in department custody after
10 September 8, 2013.  Defendants are therefore not entitled to summary judgment based on the
11 statute of limitations as to the due process claim.

12    Still, Defendants are entitled to summary judgment against the due process claim as a
13 matter of law because Plaintiff failed to pursue an adequate state law remedy for the return of his
14 property after having been given notice of the seizure. *See City of W. Corvina v. Perkins*, 525
15 U.S. 234, 240 (1999).  As Defendants note, Plaintiff was notified of the seizure no later than
16 April 26, 2013 when SPD officers interviewed him (after he waived his *Miranda* rights) about
17 the seizure and the reasons for it. (*See* Dach Aff., ECF No. 9-3).  Separate notice of the state law
18 remedy was not required. *See id.* at 241 ("Once the property owner is informed that his property
19 has been seized, he can turn to [published, generally available state statutes and case law] to
20 learn about the remedial procedures available to him.  The City need not take other steps to
21 inform him of his options.").  Nevada provides a remedy for the return of unlawfully seized or
22 retained property both in pending criminal proceedings and via separate civil actions. *See* Nev.
23 Rev. Stat. § 179.085.

24

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss or for Summary Judgment (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Jury Trial (ECF No. 13) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED: This 17th day of February, 2017.

_____
ROBERT C. JONES
United States District Judge